UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



United States of America,

–v–

Louis Camper,

                Defendant.

13-cr-378 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Louis Camper[1] moves for compassionate release pursuant to 18 U.S.C. § 3582(c). Mr. Camper is incarcerated at FCI Fort Dix, where the Bureau of Prisons has reported over forty confirmed COVID-19 cases among inmates and staff. Mr. Camper is fifty-four years old and suffers from medical conditions that increase his risk of serious illness or death from COVID-19. For the reasons that follow, the Court GRANTS Mr. Camper's motion for compassionate release.

I.     Background

    A.     **Underlying Offenses and Incarceration**

In April 2013, federal agents arrested Mr. Camper and four others in a sting operation at the site of a planned robbery of drug dealers. Presentence Report ¶¶ 12–18, 23–25. The Government charged Mr. Camper and his co-defendants with conspiracy to commit Hobbs Act robbery, conspiracy to distribute cocaine and heroin, and use of a firearm during and in relation to a crime of violence. Dkt. No. 13. Mr. Camper pled guilty to conspiracy to commit Hobbs Act robbery and conspiracy to distribute cocaine and heroin pursuant to a plea agreement. Dkt. No.

---

[1] Mr. Camper has also gone by the name Ghuneem Abdullah during various stages of this criminal proceeding. Unaware of his preferred name at this time, the Court refers to him by the name used in his moving papers.

60. Mr. Camper's role in the conspiracy was to plan the robbery, while others were to physically carry it out. Presentence Report ¶¶ 18, 22–27; Sentencing Tr., Dkt. No. 98, at 27–28. On July 29, 2014, this Court sentenced him to 188 months' imprisonment, the bottom of the Sentencing Guidelines range. Dkt. No. 97. Mr. Camper's projected release date is August 28, 2026.

Mr. Camper submitted a compassionate release request to the warden of FCI Fort Dix on May 24, 2020, seeking a reduction of his sentence to time served in light of the COVD-19 pandemic. Camper Br., Ex. A. His request was denied. *Id.* He then filed a motion with this Court seeking compassionate release on August 3, 2020, and the Government opposed the motion. Dkt. No. 178; Dkt. No. 182.

## II.     Discussion

The compassionate release statute provides a limited exception to the rule that "[f]ederal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The First Step Act of 2018, 132 Stat. 5194, 5239, authorizes a defendant serving their sentence to move the Court for compassionate release after they have exhausted their administrative remedies or thirty days have lapsed from the receipt of a compassionate release request by the warden. *United States v. Scparta*, No. 18-cr-578 (AJN), 2020 WL 1910481, at *4 (S.D.N.Y. Apr. 20, 2020).

The Government does not contest that Mr. Camper has exhausted his administrative

2

remedies.  *See* Dkt. No. 182.  This Court has previously held that the exhaustion requirement in § 3582(c)(1)(A) is a "claim-processing rule" that is "subject to equitable considerations."  *Scparta*, 2020 WL 1910481, at *5 (quoting *Paese v. Hartford Life & Acc. Ins. Co.*, 449 F.3d 435, 443 (2d Cir. 2006)).  It follows that the exhaustion requirement is subject to waiver or forfeiture.  *See Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019) (holding that even objections based on mandatory claim-processing rules "may be forfeited 'if the party asserting the rule waits too long to raise the point'" (quoting *Eberhart v. United States*, 546 U.S. 12, 15 (2005) (per curiam))).  The Court therefore finds that the Government has waived any objection based on the First Step Act's exhaustion requirement.  Moreover, even absent waiver, the Court would conclude that Mr. Camper satisfied the exhaustion requirement because more than thirty days had lapsed between Mr. Camper's administrative request for compassionate release and the filing of his motion in this Court.  *See* Dkt. No. 178; Camper Br., Dkt. No. 179, Ex. A.

To grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and find that "extraordinary and compelling reasons warrant" a reduction in sentence and that release would be consistent with the Sentencing Commission's policy statements.  The Court finds that these criteria are met.

The Court begins by considering the factors set forth in 18 U.S.C. § 3553(a).  Because this Court sentenced Mr. Camper, the Court is intimately familiar with how these factors apply to his circumstances.  As the Court noted at Mr. Camper's sentencing, Mr. Camper's crimes were serious. Sentencing Tr. at 27.  He was an unhesitant participant in a conspiracy to rob drug dealers and distribute the drugs he expected to obtain from the robbery.  *Id.* at 28.  The Court also noted, however, that Mr. Camper did not personally plan to use a firearm in the robbery.  *Id.*

Mr. Camper had a number of prior convictions for drug offenses, but only one prior conviction for a violent crime, committed over thirty years ago when he was twenty-one years old. Presentence Report ¶¶ 48–68. He accepted responsibility for his actions. *Id.* at 29. The Court credited Mr. Camper's statement of contrition at his sentencing, in which he expressed a genuine desire to change his life. *Id.* at 24–25, 29–30.

Mr. Camper's remarkable record in prison bolsters the Court's confidence in Mr. Camper's desire and ability to do so. During the six years Mr. Camper has been incarcerated, he has not been cited for a single disciplinary infraction. *See* Camper Br., Ex. G. In that time, he has successfully completed dozens of educational courses, including courses in entrepreneurship and cooking in which he received highest honors. Camper Br., Ex. E–F. He is currently enrolled in community college. Camper Br., Ex. F. Mr. Camper has also worked in the Food Service Department and education Culinary Program at FCI Schuylkill, as well as a Federal Prison Industries factory. Camper Br., Ex. D. His supervisors at each position submitted memoranda to the Court praising Mr. Camper's abilities, work ethic, and attitude. *Id.*

The Court's 188-month sentence reflected the seriousness of Mr. Camper's offense and was, at the time, sufficient but no greater than necessary to achieve the purposes of sentencing. However, the Court's analysis is different under current circumstances. Mr. Camper has already served over half of his effective sentence accounting for good time credits. The time he has served has already achieved much of the original sentence's purpose. Due to the COVID-19 pandemic, the "history and characteristics of the defendant," and the "need . . . to provide the defendant with needed . . . medical care," § 3553(a), now weigh in favor of Mr. Camper's release, given the health risk that continued incarceration poses to him. The Court has

4

reconsidered the § 3553(a) factors, and concludes that they entitle Mr. Camper to compassionate release.

The Court next considers whether "extraordinary and compelling reasons warrant such a reduction [in sentence] . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). "Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence." *United States v. Butler*, No. 19-cr-834 (PAE), 2020 WL 1689778, at *1 (S.D.N.Y. Apr. 7, 2020). The applicable policy statement, U.S.S.G. § 1B1.13, outlines four circumstances that constitute "extraordinary and compelling reasons" and thus warrant a sentence reduction. One such circumstance exists where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The policy statement also requires that the defendant not pose "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

As this Court has explained, the COVID-19 pandemic presents an extraordinary and unprecedented threat to incarcerated individuals. *See, e.g.*, *United States v. Williams-Bethea*, No. 18-cr-78 (AJN), 2020 WL 2848098, at *4 (S.D.N.Y. June 2, 2020); *Scparta*, 2020 WL 1910481, at *9; *United States v. Stephens*, No. 15-cr-95 (AJN), 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020); *accord United States v. Nkanga*, No. 18-cr-713 (JMF), 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020) ("The country faces unprecedented challenges from the novel Coronavirus ('COVID-19') pandemic. Those detained in jails and prisons face particularly

grave danger."). Although the Bureau of Prisons does not report any current infections at FCI Fort Dix, it has reported over forty past confirmed infections. *See* Federal Bureau of Prisons, COVID-19, https://www.bop.gov/coronavirus/ (last visited Aug. 27, 2020). This Court has previously found that even where a facility has not yet reported any confirmed COVID-19 cases, carceral conditions pose unique risks to vulnerable inmates because of the potential for the rapid introduction and spread of the disease. *See Williams-Bethea*, 2020 WL 2848098, at *5.

Mr. Camper is particularly vulnerable to severe illness from COVID-19. Mr. Camper is fifty-four years old. He suffers from obesity, which the CDC has recognized as one of eight underlying medical conditions known to result in increased risk of severe illness from COVID-19. Camper Br., Ex. B; Centers for Disease Control and Prevention, Certain Medical Conditions and Risk for Severe COVID-19 Illness (Aug. 14, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Mr. Camper also suffers from moderate chronic obstructive sleep apnea, for which a sleep study conducted during his incarceration recommended nocturnal use of a continuous positive air pressure device to maintain his blood oxygen saturation during sleep. Considering Mr. Camper's age and underlying medical conditions, the Court finds that the COVID-19 pandemic amounts to an extraordinary and compelling circumstance in his case.

The Court also finds that Mr. Camper does not pose a danger to the safety of any other person or the community. Mr. Camper was convicted of conspiring to rob drug dealers. However, his personal role in the planned robbery did not involve the use of dangerous weapons. Sentencing Tr. at 28; *see United States v. Pena*, No. 15-CR-551 (AJN), 2020 WL 2301199, at *5 (S.D.N.Y. May 8, 2020). His spotless disciplinary record and significant educational

achievements while incarcerated reflect rehabilitation consistent with the sincere remorse he expressed at sentencing.  Before this conviction, his only prior conviction for a violent crime was over thirty years ago.  Considering these factors, the Court concludes that he does not pose a danger to the community.

The Government does not contest any of the facts Mr. Camper cites in support of his motion for compassionate release.  Instead, the Government contends that the mere fact that Mr. Camper pursued a direct appeal and a motion under 28 U.S.C. § 2255 "suggest[s] a potential for recidivism."  Opposition Br. at 3 n.1.  The Court does not agree that Mr. Camper's choice in this case to pursue post-conviction relief bears on the likelihood that the he will re-offend.  The Court finds nothing in Mr. Camper's conduct following his conviction that suggests a likelihood for recidivism.

Mr. Camper's circumstances are extraordinary and compelling.  After considering the factors set forth in 18 U.S.C. § 3553(a), the Court finds that reducing Mr. Camper's sentence would be consistent with the applicable policy statements in the Sentencing Guidelines.  The Court will exercise its discretion to do so.

## III.    Conclusion

For the foregoing reasons, the Court GRANTS Mr. Camper's motion for compassionate release. The Court resentences Mr. Camper to time served plus forty-eight months of supervised release under the conditions in the original judgment.  The mandatory conditions, standard conditions, and special conditions of supervised release from Mr. Camper's original sentence are hereby imposed.  The Court also imposes an additional condition of supervised release: Mr. Camper is ordered to serve twelve months of the remaining portion of his original term of

imprisonment under home detention.

      The Government is ORDERED to release Mr. Camper (BOP Register Number 68511-054) from custody immediately.  It is FURTHER ORDERED that the parties shall meet and confer and submit a proposed order governing the conditions of the Mr. Camper's release, including his period of fourteen days of self-isolation, no later than September 4, 2020.

      SO ORDERED.

Dated: September 2, 2020  
      New York, New York

ALISON J. NATHAN  
United States District Judge