UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/1/21

Louis Camper, a/ka/ Gauneem Abdullah,

Petitioner,

–v–

United States of America,

Respondent.

19-cv-2000 (AJN)
13-cr-378 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

On July 29, 2014, Louis Camper,[1] following a guilty plea, was sentenced to 188 months' imprisonment for a conspiracy to distribute heroin and cocaine and a conspiracy to commit Hobbs Act robbery in violation of 21 U.S.C. §§ 846, 841(b)(1)(B) and 18 U.S.C. § 1951. The Second Circuit affirmed his conviction and sentence on direct appeal. Mr. Camper on February 27, 2019, filed a petition to vacate his sentence under 28 U.S.C. § 2255. While that petition was pending, the Court on September 4, 2020, granted Mr. Camper's motion for compassionate release in light of the extraordinary and compelling circumstances presented by the COVID-19 pandemic. Mr. Camper is presently serving a 48-month term of supervised release.

For the reasons that follow, the Court DENIES Mr. Camper's petition.

**I.     Background**

---

[1] At the sentencing hearing, the Court referred to Defendant as Mr. Abdullah at his request. Sentencing Tr. at 2, Dkt. No. 98. All papers submitted in support of the present motion use the name, and are signed by, Louis Camper. The Court therefore refers to Defendant as Mr. Camper in its Opinion and Order.

1

In April 2013, federal agents arrested Mr. Camper and four others in a sting operation at the site of a planned robbery of drug dealers. Presentence Report ("PSR") ¶¶ 12–18, 23–25. Mr. Camper's role was to plan the robbery, while others were to physically carry it out. PSR ¶¶ 18, 22–27; Sentencing Tr. at 27–28, Dkt. No. 98. The Government charged Mr. Camper and his co-defendants with conspiracy to distribute cocaine and heroin, 21 U.S.C. §§ 841(a)–(b), 846 (Count One), conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951 (Count Two), and use of a firearm during and in relation to a crime of violence, i.e., the Hobbs Act robbery conspiracy, *id.* § 924(c) (Count Three). Dkt. No. 13.[2] Mr. Camper pled guilty to conspiracy to commit Hobbs Act robbery and conspiracy to distribute cocaine and heroin pursuant to a plea agreement. Plea Tr., Dkt. No. 60. That plea agreement included a provision waiving Mr. Camper's right to appeal his conviction and any custodial sentence "that is 235 months or below." *Id.* at 18; *see also* Plea Agreement at 7 (stipulating that "the defendant will not file a direct appeal; nor bring a collateral challenge" to his sentence of "188 to 235 months' imprisonment"). In return, the Government dismissed Count Three of the indictment, violation of 18 U.S.C. § 924(c). Sentencing Tr. at 33. The Court sentenced Mr. Camper on July 29, 2014, to 188 months' imprisonment, the bottom of the Sentencing Guidelines range. *Id.* at 30; Judgment, Dkt. No. 97.

Notwithstanding his plea agreement, Mr. Camper, acting pro se, noticed an appeal of his sentence on August 12, 2014. Dkt. Nos. 101, 104. The Second Circuit, having appointed Mr. Camper counsel, granted counsel's motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), dismissed the appeal, and summarily affirmed Mr. Camper's conviction. Dkt. No. 121.

---

[2] Unless otherwise indicated, all docket citations refer to case number 13-CR-00378 (AJN) (S.D.N.Y.).

2

On February 27, 2019, Mr. Camper, acting pro se, filed a motion to vacate his sentence under 28 U.S.C. § 2255.  Petition, Dkt. No. 158; Pet'r Br., Dkt. No. 159.  The Government filed an answer on May 31, 2019.  Gov't Br., No. 19-CV-2000, Dkt. No. 6.  Mr. Camper then filed a reply.  Reply Br., No. 19-CV-2000, Dkt. No. 7.  On October 18, 2019, Mr. Camper filed a motion to withdraw his petition to substitute it with a new motion to vacate his sentence under Federal Rule of Criminal Procedure 35(a), Dkt. No. 163, which he then filed on October 24, 2019, Dkt. No. 164.  The Court on November 1, 2019, denied Mr. Camper's motion to substitute because his Rule 35(a) motion was untimely.  Dkt. No. 165 at 1 (explaining that a Rule 35(a) motion must be filed "[w]ithin 14 days after sentencing").  The Court therefore denied Mr. Camper's motion to withdraw his § 2255 motion, subject to Mr. Camper's subsequent request that it be withdrawn.  *Id.* at 2.  Mr. Camper did not again request to withdraw his § 2255 motion.

On August 3, 2020, Mr. Camper, with the assistance of counsel, filed a motion for compassionate release.  Dkt. No. 178.  The Court on September 2, 2020, granted that motion in light of Mr. Camper's particular vulnerability to COVID-19, which the Court found amounted to extraordinary and compelling circumstances for release.  Dkt. No. 184.  Mr. Camper is now serving a 48-month term of supervised release following the end of his imprisonment.  Dkt. No. 186.

**II.     Legal standard**

Most of Mr. Camper's claims for relief rest on a claim that he received ineffective assistance of counsel at his plea proceedings, during sentencing, and on direct appeal.  The Sixth Amendment entitles criminal defendants to effective assistance from an attorney at critical stages of their case, including guilty pleas and sentencing.  *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013).  To make an ineffective assistance of counsel claim, "a defendant must show:

3

(1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Brown*, 623 F.3d 104, 112 (2d Cir. 2010) (internal quotation marks omitted); *see Strickland v. Washington*, 466 U.S. 668, 688 (1984). That is, a petitioner must show that "[t]he likelihood of a different result [was] substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). These two requirements are the reasonableness and prejudice prongs respectively.

In evaluating the reasonableness of counsel's representation, the Court is "mindful of the diversity of the bar and the variety of approaches effective attorneys might employ when dealing with a particular set of facts." *Parisi v. United States*, 529 F.3d 134, 141 (2d Cir. 2008). As a result, the Court is "highly deferential" and applies a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Simple disagreement with counsel's chosen strategy, especially with the benefit of hindsight, is insufficient to support an ineffective assistance of counsel claim. *See United States v. Sanchez*, 790 F.2d 245, 253 (2d Cir. 1986) ("A defendant . . . may not claim ineffective assistance of counsel merely because in hindsight he thinks counsel's trial strategy was inadequate.").

### III. Discussion

Mr. Camper's petition raises three claims. First, Mr. Camper argues that his appellate counsel was ineffective for failing to argue that, despite the appeal waiver, Mr. Camper retained the right to challenge the statutes of his conviction as unconstitutional. Pet'r Br. at 4–8. Specifically, Mr. Camper asked his counsel to argue that his conviction under the Hobbs Act violated the Due Process Clause. *Id.* at 6. Second, making the argument that his appellate counsel did not make on appeal, Mr. Camper contends that his conviction for conspiracy to

commit Hobbs Act robbery was unconstitutional, citing *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Johnson v. United States*, 576 U.S. 591 (2015). Pet'r Br. at 8–14. Third, Mr. Camper argues that he was improperly designated as a career offender under the Sentencing Guidelines. *Id.* at 14–15. Mr. Camper contends that this designation was erroneous at least in part because his Hobbs Act conviction was not a crime of violence. *Id.* at 18.

In his reply brief, Mr. Camper raised two new claims of ineffective assistance of trial counsel, arguing that counsel was constitutionally deficient during plea negotiations and in arguing his Sentencing Guidelines range. Reply Br. at 3–7.

Because the first and third claims in Mr. Camper's petition rely in large part on the merits of his second claim, the Court addresses that claim first. The Court next addresses Mr. Camper's sentencing claims, and then Mr. Camper's remaining ineffective-assistance claims. The Court concludes that none of Mr. Camper's claims justify vacating his sentence.[3]

**A. Due-process claim**

Mr. Camper's due-process claim rests upon 18 U.S.C. § 924(c), which criminalizes the use or possession of a firearm "in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). A crime of violence is defined as a felony that either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," *id.* § 924(c)(3)(A), or "that by its nature, involves a substantial risk that physical

---

[3] To file a habeas petition, a petitioner must be "in custody under sentence of a court established by Act of Congress." 28 U.S.C. § 2255(a). Custody is a prerequisite to the Court's jurisdiction. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Here, Mr. Camper has been released from prison since he filed his petition. But he was serving his prison sentence at the time he filed his petition, which satisfies 28 U.S.C. § 2255(a)'s custody requirement. *See Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994). Additionally, Mr. Camper is serving a term of supervised release, which also satisfies § 2255(a)'s custody requirement. *See id.*; *Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006).

force against the person or property of another may be used in the course of committing the offense," *id.* § 924(c)(3)(B). The first definition is referred to as the "elements clause" and the second definition is the "residual clause." *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019). In *Davis*, the Supreme Court held that § 924(c)(3)(B), the residual clause, is unconstitutionally vague. *Id.* at 2336. Following *Davis*, the Second Circuit held that conspiracy to commit Hobbs Act robbery is no longer a "crime of violence" for purposes of 18 U.S.C. § 924(c). *United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019).

Neither the Court's holding in *Davis*, which followed similar holdings in *Johnson*, 576 U.S. at 606, and *Dimaya*, 138 S. Ct. at 1223, nor the Second Circuit's holding in *Barrett*, provide any support for Mr. Camper's petition. Simply put, Mr. Camper was not convicted for, or sentenced under, 18 U.S.C. § 924(c). As explained, that count of the indictment was dismissed as part of Mr. Camper's plea agreement. As a consequence, Mr. Camper's sentence reflects only his plea for conspiracy to distribute cocaine and heroin and conspiracy to commit Hobbs Act robbery. Judgment at 1. The fact that conspiracy to commit Hobbs Act robbery is no longer a crime of violence under § 924(c) is irrelevant to Mr. Camper—it means only that a conspiracy to commit Hobbs Act robbery cannot act as a predicate offense for a § 924(c) conviction. But, as the Second Circuit affirmed in *Barrett*, a conviction for conspiracy to commit Hobbs Act robbery is otherwise constitutionally valid. *See* 937 F.3d at 130 (affirming defendant's conviction, including under 18 U.S.C. § 1951, "in all other respects").

The Court therefore denies Mr. Camper's second claim for relief in his petition.

### B. Sentencing-Guidelines claim

Mr. Camper was sentenced to 188 months' imprisonment based, in part, on the Court's conclusion that he qualified as a career offender under U.S.S.G. § 4B1.1(a) because he had at

least two prior convictions for controlled substances offenses.  PSR ¶ 6.  His career offender status supported an initial offense level of 34, which the Court then reduced to 31, resulting in a Guidelines range of 188 to 235 months' imprisonment.  *Id.*; Sentencing Tr. at 9.

To the extent that Mr. Camper directly challenges his designation as a career offender, that claim is barred.  First, Mr. Camper waived his right to challenge on appeal or through a § 2255 petition any sentence imposed at or below 235 months' imprisonment.  Plea Agreement at 7.  The Second Circuit has held that such a waiver bars exactly the type of procedural sentencing claim that Mr. Camper raises here.  *See United States v. Buissereth*, 638 F.3d 114, 117 (2d Cir. 2011).  Second, despite that waiver, Mr. Camper challenged his career-offender status in his direct appeal to the Second Circuit, which rejected the claim.  *See* Camper Br. at 18–30, *United States v. Thompson*, No. 14-2136(L), Dkt. No. 68 (2d Cir. Dec. 15, 2014).  Mr. Camper is therefore procedurally barred from challenging his career-offender designation, as "a § 2255 petition cannot be used to 'relitigate questions which were raised and considered on direct appeal.'"  *United States v. Sanin*, 252 F.3d 79, 83 (2d Cir. 2001) (quoting *Cabrera v. United States*, 972 F.2d 23, 25 (2d Cir.1992)).

Even putting those issues aside, Mr. Camper's claim as articulated in his initial brief fails on the merits because, as explained, Mr. Camper's career-offender status was based on prior controlled substance offenses, not on any prior offense that would have been affected by the Court's invalidation of the residual clause in *Davis*.  *See* Pet'r Br. at 18.  Additionally, because Mr. Camper's attorney *did* challenge his career-offender status on appeal and because the challenge, as explained, lacks merit, the Court is not persuaded by the ineffective-assistance claim that Mr. Camper raises in his initial brief as to his career-offender status.  *See id.* at 15–16.

7

In his reply, Mr. Camper raises for the first time the argument that he was not a career offender because his plea of guilty to two counts of possession of a controlled substance in New Jersey state court in November 2012, were not proper predicates for career-offender status. Reply Br. at 6. His guilty pleas in New Jersey court were deficient because, he asserts, New Jersey's rules of criminal procedure did not provide for "*admission* of sufficient facts that legally constitutes an *admission* of guilt under the Guidelines." *Id.* at 6–7. His counsel was constitutionally deficient, Mr. Camper continues, because he failed to challenge the use of these prior offenses in calculating his sentence. *Id.* at 6.

The Court concludes that this new claim, raised first on reply, does not justify vacating Mr. Camper's sentence. Foremost, the Court "ordinarily will not consider issues raised for the first time in a reply brief." *McBride v. BIC Consumer Prod. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009). "This rule applies even when the moving party is pro se." *Farmer v. United States*, No. 12-CR-758 (AJN), 2017 WL 3448014, at *3 (S.D.N.Y. Aug. 10, 2017) (collecting cases). Mr. Camper provides no justification for why he did not raise this argument in his petition or initial brief. The Court therefore deems the argument waived.

Even if the Court reached the merits, Mr. Camper's argument is unpersuasive. First, as the presentence investigation report details, Mr. Camper has pleaded guilty to a number of other controlled substance offenses that would qualify him as a career offender even if his November 2012 pleas were set aside. PSR ¶¶ 54–62. Second, Mr. Camper's description of New Jersey's rules is incorrect. Like Federal Rule of Criminal Procedure 11, New Jersey requires that a court "shall not accept [a guilty] plea without first questioning the defendant personally, under oath or by affirmation, and determining . . . that there is a factual basis for the plea and that the plea is made voluntarily . . . and with an understanding of the nature of the charge and the consequences

of the plea." N.J. Ct. R. 3:9-2. Mr. Camper cites *United States v. Roberts*, 39 F.3d 10 (1st Cir. 1994), for the proposition that New Jersey's procedure is an inadequate admission of guilt under the Guidelines. Reply Br. at 7. Yet *Roberts*, which considered a plea entered under Massachusetts law, held that a defendant's *admission to facts* sufficient to sustain a finding of guilty, as opposed to an *admission of guilt*, may not be sufficient under the Guidelines. 39 F.3d at 12–13. But New Jersey permits only guilty pleas, not the alternative plea considered in *Roberts*. *See* N.J. Ct. R. 3:9-2 ("A defendant may plead only guilty or not guilty to an offense."); *State v. Taccetta*, 975 A.2d 928, 935 (N.J. 2009) ("The notion that a defendant can enter a plea of guilty, while maintaining his innocence, is foreign to our state jurisprudence."). Confirming the point, the judgment that Mr. Camper attached to his reply brief states that he entered a "Guilty Plea" in November 2012. Reply Br., Attach. 1. Finally, because Mr. Camper's argument lacks merit, his counsel acted reasonably in not raising the argument, and Mr. Camper did not suffer prejudice as a result. *See United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995) (stating that "the failure to make a meritless argument does not rise to the level of ineffective assistance").

The Court concludes that Mr. Camper's challenge to his sentence on the basis of his career-offender status fails.

### C. Ineffective assistance of counsel claim

Mr. Camper has two final ineffective-assistance claims. *First*, he argues that his counsel was ineffective because he failed on appeal to challenge Mr. Camper's conviction for conspiracy to commit Hobbs Act robbery as unconstitutional under the Due Process Clause. Pet'r Br. at 4–8. That claim fails, however, for the same reason that Mr. Camper's due-process claim fails now. Mr. Camper was not convicted under § 924(c) and whether conspiracy to commit Hobbs Act robbery qualifies as a "crime of violence" under § 924(c) is irrelevant to Mr. Camper's

9

conviction and sentence. Mr. Camper has therefore failed to establish both the reasonableness and prejudice prongs of this ineffective-assistance claim.

*Second*, Mr. Camper in his reply argues that counsel was constitutionally deficient in failing to "convey the acceptance [of a plea offer] in a timely fashion before the government changed [its] position and/or offer." Reply Br. at 5. Specifically, Mr. Camper states that he first received a plea offer in August 2013, under which he would plead guilty to Counts One and Two of the indictment, though the deal ostensibly did not state the prison sentence that he could expect. Reply Br. at 3. According to Mr. Camper, he told counsel that he would accept the deal. *Id.* The offer lapsed, however, without Mr. Camper's acceptance. *Id.* The Government then extended a new "Global Plea" offer to Mr. Camper and his co-defendants in December 2013. *Id.* Mr. Camper contends that he "advised Counsel that [he] would take it and that [counsel] should relay such to the government." *Id.* He contends that he next heard from counsel two weeks later, at which time he was told a "phone conference" would be held on December 16, 2013, to discuss the plea. *Id.*; *see also* Attach. 2 at 1. That conference did not happen. Instead, Mr. Camper was told, apparently near the end of December 2013, that the Government had withdrawn the plea offer because it had "just secured [a] witness against" the defendants. *Id.* at 4. On January 13, 2014, Mr. Camper received another offer to plea to Counts One and Two, which he ultimately accepted. *Id.* According to the agreement, the plea subjected him to a Sentencing Guidelines minimum of 188 months' imprisonment. *Id.*

Under the Sixth Amendment, "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012); *Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003) (holding that counsel must timely convey plea offers to defendants). Mr. Camper

10

argues that counsel was deficient in timely communicating his acceptance of the prior two plea offers, which, Mr. Camper believes, were preferable to the offer he ultimately accepted. Reply Br. at 5.

Yet Mr. Camper's allegations, even accepted as true, do not entitle him to relief. At the outset, Mr. Camper raised this argument for the first time in his reply brief. The Court, for the reasons explained above, therefore deems the claim waived and need not reach the merits. But Mr. Camper's ineffective-assistance claim also fails on the merits. When counsel's deficient performance causes a plea offer to lapse, the prejudice prong requires that petitioner "demonstrate a reasonable probability" that (1) petitioner "would have accepted the earlier plea offer," (2) that "the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it," and (3) "that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Frye*, 566 U.S. at 147.

Mr. Camper's allegations do not demonstrate prejudice. First, he has not alleged that either of the prior plea offers was preferable to the plea that he accepted. The August 2013 offer was to plead guilty to Counts One and Two, exactly what Mr. Camper later pleaded guilty to in January 2014. Reply Br. at 3–5. Mr. Camper argues that the August 2013 offer was preferable because the January 2014 offer included a Guidelines calculation of 188 months' imprisonment. Reply Br. at 5. But, as the Court explained to Mr. Camper at his plea hearing, the Court, not the Government's calculation or prediction, determined his sentence. Plea Tr. at 8, 15. Accepting Mr. Camper's allegations as true, the first and third offers were identical. As to the second, "Global Plea" offer, Mr. Camper has made no allegations about its contents and no allegation that its terms were preferable to the offer he ultimately accepted. Reply Br. at 3–5. In fact, Mr.

Camper filed a letter from his counsel that strongly suggests that the Government and defense counsel were discussing the terms of a "global disposition" of the case, but that no formal offer had been made. Reply Br., Attach. 2 at 1. This allegation falls short of demonstrating a "reasonable probability" that the end result would have been preferable to the plea that Mr. Camper accepted. *See Frye*, 566 U.S. at 147.

Second, Mr. Camper states that the Government withdrew the "Global Plea" offer after it secured a new witness. Reply Br. at 4. That event, as alleged, is independent of Mr. Camper's choice to accept or decline the offer. He therefore fails to demonstrate a reasonable probability that the Government would not have cancelled the second plea offer even if he had earlier accepted it. *See Frye*, 566 U.S. at 147.

The Court determines that neither of these remaining ineffective-assistance claims supports granting Mr. Camper's § 2255 motion.

## IV.     Conclusion

For the reasons provided, the Court DENIES Mr. Camper's motion to vacate under 28 U.S.C. § 2255.

No evidentiary hearing is necessary because the files and records of the case conclusively show that Mr. Camper is not entitled to relief. 28 U.S.C. § 2255(b); *see Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009). Because Mr. Camper has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. Additionally, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, so *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

In case 13-CR-00378, this resolves docket number 158. In case 19-CV-02000, this resolves docket number 1.

The Clerk of Court is respectfully directed to close case 19-CV-02000.

The Clerk's office is further asked to mail a copy of this Opinion and Order to Mr. Camper and note the mailing on the public docket.

SO ORDERED.

Dated: October 1, 2021
      New York, New York

ALISON J. NATHAN
United States District Judge